UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUI G. CHEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5808** |
| **OCHSNER CLINIC FOUNDATION AND OCHSNER CLINIC, A PROFESSIONAL CORPORATION** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Ochsner Clinic Foundation's Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #3) is **GRANTED** as to plaintiff's claim for negligence, and his claims under Louisiana's Final Paycheck Statute and Whistleblower Statute, Louisiana Revised Statues §§ 23:632 and 23:967, respectively. The motion is **DENIED** as to plaintiff's claim under Louisiana's Workers' Compensation Retaliation Statute, La. Rev. Stat. § 23:1361, and his claim for intentional infliction of emotional distress.

## BACKGROUND

This matter is before the court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Ochsner Clinic Foundation. Ochsner argues that plaintiff's Louisiana state law claims against it should be dismissed for failure to state a claim upon which relief can be granted.[1]

Plaintiff, H.I. G. Chen, alleges that he began working for Ochsner as an electrician at Ochsner's Brent House Hotel. In April 1994, he was transferred to one of Ochsner's hospitals and worked on the TeleLift system, which carried documents and other items behind walls and above

---

[1] Ochsner's motion to dismiss does not address plaintiff's discrimination claims brought under federal law.

the ceilings throughout the hospital.  In late 2005, the hospital became "paperless" and began eliminating the TeleLift System.  Thereafter, Chen was reassigned to work on the tube system which carried medicine, patient test specimens, blood and other items to various places in the hospital.

Chen alleges that in July 2011, he received five incident reports that stated he had low evaluation scores from 2010.  Chen claims that this was "in an attempt to intimidate and terminate [him] because Gary (white) and Eric (white) wanted to get rid of the foreigner and replace him with a white guy after 17 years of service."

Chen also alleges that he sprained his ankle at work on September 14, 2011, "while repairing a pipe in the ceiling," after asking for a helper and having the request denied by his supervisors. Chen claims that he was treated in the hospital's emergency room, and then participated in physical therapy.  Chen alleges that he used two weeks of general purpose time, and then was on short term disability until November 16, 2011.  Chen made a workers' compensation claim regarding the incident.

On September 11, 2013, Chen filed this lawsuit in which he alleges that after his September 14, 2011, injury and subsequent workers' compensation claim, his co-workers and supervisors discriminated against him, and ultimately terminated him. Chen brought claims for race and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981; under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and the corresponding Louisiana law, La. Rev. Stat. § 23:322, et seq.; for discrimination with respect to his workers' compensation claim, La. Rev. Stat. § 23:1361; under the Louisiana Whistleblower Statute,

La. Rev. Stat. 23:967; under the Louisiana's Last Paycheck Statute, La. Rev. Stat. § 23:632, and for intentional infliction of emotional distress and negligence under Louisiana tort law.

## ANALYSIS

**A.   Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.   Rule 8(a)(2) of the Federal Rules of Civil Procedure**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with

3

Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

**C.     Louisiana's Workers' Compensation Retaliation Statute, La. Rev. Stat. § 23:1361**

Chen alleges that he was terminated in retaliation for filing a workers' compensation claim regarding his September 14, 2011, accident in violation of La. Rev. Stat. § 23:1361(B), which states:

> No person shall discharge an employee from employment because of said employee having asserted a claim for [workers' compensation] benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.

Temporal proximity alone is insufficient to support a claim for retaliatory discharge under Louisiana law. Woolsey v. Delta Disposals, L.L.C., 914 So.2d 618, 621 (La. Ct. App. 2005). "In order to be entitled to recover for retaliatory discharge under La. R.S. 23:1361, the plaintiff/employee must establish by a preponderance of the evidence that he was discharged because he asserted a workers' compensation claim, either by presenting direct evidence that the assertion of a workers' compensation claim was the reason for the discharge, or presenting circumstantial evidence sufficient to establish more probably than not that the reason for the discharge was the assertion of the workers' compensation claim." Id. (citing Chivleatto v. Sportsman's Cove, Inc., 907 So.2d 815 (La. Ct. App. 2005)). "If the employer gives a nondiscriminatory reason for the discharge, and presents sufficient evidence to prove more probably

4

than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery." Id. "If the employer offers another reason for firing the workers' compensation claimant, the trial court must ascertain the employer's true reason or motive based on the facts presented." Id.

In paragraph 6 of the complaint Chen alleges:

> On or about the 15th day of September 2011, Plaintiff was injured in a work related accident and filed a workers' compensation claim. Plaintiff was off of work for approximately two months. After his return, Plaintiff was subjected to systematic and intentional discrimination in direct retaliation and reprisal for having brought a claim of workers' compensation.

In this paragraph, Chen clearly alleges that Ochsner retaliated against him for filing a workers' compensation claim. These allegations are sufficient to survive a motion to dismiss because they sufficiently place Ochsner on notice of Chen's claim against it in compliance with Rule 8(a)(2). Whether Chen can prevail on this claim is beyond the scope of a motion to dismiss. Therefore, Ochsner's motion to dismiss Chen's workers' compensation retaliation claim under La. Rev. Stat.§ 23:1261 is DENIED.

**D.    Intentional Infliction of Emotional Distress**

Chen alleges that he was subjected to "severe emotional distress" as a result of Ochsner's discriminatory and retaliatory actions, which allegedly included placing a cooked egg yoke in his desk, which he viewed as a racist prank.

To recover for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and, (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from his conduct. White v.

Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). The conduct complained of must be so outrageous and so extreme in degree as to go beyond all possible bounds of decency as to be considered intolerable to a civilized community. Id. Liability does not extend to insults, indignities, or threats. Id. In cases of employment disputes, a cause of action for intentional infliction of emotional distress exists only when the case involves "a pattern of deliberate, repeated harassment over a period of time." Nicholas v. Allstate Ins. Co., 765 So.2d 1017, 1025 (La. 2000).

In paragraph 13 of the complaint, Chen alleges that Ochsner's "actions amount to intentional infliction of emotional distress" that caused him damages. This allegation is sufficient to survive a motion to dismiss because it sufficiently places Ochsner on notice of Chen's claim against it in compliance with Rule 8(a)(2). Whether Chen can prevail on this claim is beyond the scope of a motion to dismiss. Therefore, Ochsner's motion to dismiss Chen's intentional infliction of emotional distress claim is DENIED.

**E.      Negligence**

Chen alleges a negligence claim against Ochsner with respect to his September 14, 2011, accident. Specifically, in paragraph 7 of the complaint he alleges that Ochsner "owed a duty to provide a safe environment, free of defects and hazards to patrons, customers and employees, or in the alterative to warn of any defects or hazards and Defendant breached that duty. Defendant's breach of its duty was a cause in fact of Plaintiff's resulting injuries."

Under the Louisiana Workers' Compensation Act, worker's compensation benefits are the exclusive remedy of an employee against an employer or any injury, compensable sickness, or disease. LA. REV. STAT. § 23:1032(A). Chen alleged in his complaint that he elected to file a workers' compensation claim for his injuries. Thus, pursuant to the workers' compensation

6

exclusivity provision of La. Rev. Stat. § 23:1032(A), he cannot maintain a negligence claim against Ochsner, and that claim is DISMISSED.

**F.     Louisiana's Whistleblower Statute, La. Rev. Stat. § 23:967**

In paragraph 15 of the complaint, Chen alleges that he is entitled to attorneys' fees pursuant to Louisiana's Whistleblower Statute, La. Rev. Stat. § 23:967, which provides, in pertinent part:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of the law: (1) Discloses or threatens to disclose a workplace act or practice that is in violation of the law. (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law. (3) Objects to or refuses to participate in an employment act or practice that is in violation of the law.

La. Rev. Stat. § 23:697(A). United States Court of Appeals for the Fifth Circuit has stated that Title VII's framework for retaliation applies to a reprisal claim under the Louisiana Whistleblower Statute. Smith v. AT & T Solutions, Inc., 90 Fed. Apex. 718, 723 (5th Cir.2004). Under Title VII, to establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal–Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir.2008).

Chen has not alleged that he was retaliated against for engaging in one of the activities protected by the Louisiana Whistleblower Statute. He has not alleged that he disclosed or threatened to disclose a workplace act or practice that is in violation of the law; provided information to or testified before any public body conducting an investigation, hearing, or inquiry into any violation of law; or, objected to or refused to participate in an employment act or practice that was in violation

of the law. Therefore, Chen has not stated a claim under La. Rev. Stat. § 23:967, and his claim under that statute is DISMISSED.

**G.      Louisiana's Final Paycheck Statute, La. Rev. Stat. § 23:632**

In paragraph 15 of the complaint, Chen alleges that he is entitled to attorneys' fees pursuant to Louisiana's Final Paycheck Statute, La. Rev. Stat. § 23:632, which provides:

> Any employer who fails or refuses to comply with the provisions of R.S. 23:631[2] shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from the time of making the first demand following discharge or resignation.

LA. REV. STAT. § 23:632.

In order to recover pursuant to La. Rev. Stat. § 23:632, plaintiff must prove that "(1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand." Becht v. Morgan Building & Spas, Inc., 843 So.2d 1109, 1112 (La. 2003).

---

[2] La. Rev. Stat. 23:631 provides, in pertinent part:

> A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

Chen does not allege that Ochsner refused to pay upon a demand for wages that were due and owing at the time of his termination. Therefore, Chen has not stated a claim under La. Rev. Stat. § 23:967, and his claim under that statute is DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Ochsner Clinic Foundation's Motion for Partial Dismissal for Failure to State Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #3) is **GRANTED** as to plaintiff's claim for negligence, and his claims under Louisiana's Final Paycheck Statute and Whistleblower Statute, Louisiana Revised Statues §§ 23:632 and 23:967, respectively. The motion is **DENIED** as to plaintiff's claim under Louisiana's Workers' Compensation Retaliation Statute, La. Rev. Stat. § 23:1361, and his claim for intentional infliction of emotional distress.

New Orleans, Louisiana, this __9th__ day of January, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**